Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6129 | **DATE** | 6/26/2012 |
| **CASE TITLE** | Bousseau v. Breckenridge Enterprises, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion [34] to transfer is granted and this case is transferred to the United States District Court for the Northern District of Texas, Dallas Division.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Defendant Breckenridge Enterprises, Inc. ("Breckenridge") moves to transfer this suit to the Northern District of Texas. Plaintiff Dorothy Bousseau ("Bousseau"), who has sued Breckenridge for employment discrimination, would prefer to keep the suit here, where she filed it.

According to the allegations in Bousseau's complaint, Bousseau worked for Breckenridge as a claims adjuster from May 2007 until January 2010, when Breckenridge terminated her employment. Bousseau performed her work for Breckenridge in Illinois. Breckenridge, though, is located in Dallas, Texas (which is within the Northern District of Texas). Breckenridge has put forth (undisputed) evidence that Bousseau reported to supervisors in Dallas, that she performed her work on computers networked in Dallas, that she sent her claims files to Dallas and that her payroll was processed in Dallas. Breckenridge has put forth (undisputed) evidence that the decision to terminate Bousseau's employment was made in Dallas. Breckenridge states that it has eight boxes of documents relevant to this case in Dallas. Breckenridge also put forth evidence that a number of witnesses live in the Northern District of Texas. For example, Breckenridge employees Jose Babb, Cristen Acevedo, Chrystal Cool, Judy Milner, Lynn Hansen, Andrew Price and Jennifer Hauger live in the Northern District of Texas and appear to have relevant information. In addition, non-party witnesses Chris Lam, Charles Winters and Cindy Yaws live in the Northern District of Texas and appear to have relevant information. Finally, Breckenridge has put forth undisputed and convincing evidence that Bousseau moved out of the Northern District of Illinois to New Jersey before she filed this suit. Bousseau does not deny this fact.

Bousseau, by contrast, points to other evidence that suggests this district is convenient. For example, Bousseau's counsel is in this district and, soon (when she mails them to her attorney), Bousseau's documents will be, too. In addition, Bousseau points out that six witnesses–Guadalupe Arroyo, Lynn Wesley, Miguel Perez, Rick Simon, Maria Canzolino and Trina Tovar–live in Illinois.

| STATEMENT |
|---|

A district court has the discretion "[f]or the convenience of parties and witnesses, in the interest of justice, [to] transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court considers three factors in determining whether to transfer the case: (1) whether venue is proper in both the transferor and transferee courts; (2) whether transfer is for the convenience of parties and witnesses; and (3) whether transfer is in the interest of justice. *Id*. It is within the sole discretion of the judge to determine the weight accorded to each factor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The parties agree that venue is proper either in the Northern District of Illinois or in the Northern District of Texas.

Next, the Court considers the convenience of the parties and the witnesses. Generally, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re: Nat'l Presto Ind.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Rare does not mean never. Where, as here, the plaintiff does not reside in the district in which she filed suit, her choice of venue is given less weight. *Lewis v. Grote*, __ F.Supp.2d __, __, Case No. 11 C 7069, 2012 WL 234356 at *2 (N.D. Ill. Jan. 24, 2012). The convenience of the parties favors transfer. Defendant is headquartered in the Northern District of Texas, and its documents and employees are there. The Northern District of Texas is significantly more convenient for defendant, but the Northern District of Illinois is only marginally more convenient for plaintiff, who does not live here and, therefore, will have to travel either to Illinois or to Texas. The convenience of the witnesses also favors transfer. More of the witnesses live in the Northern District of Texas than live in the Northern District of Illinois.

The interests of justice are neutral. Despite the statistics put forth by the defendant, the case is likely to proceed at about the same pace in either district. Plaintiff did her work for defendent here, but she no longer lives here. All of the decisions about the terms and conditions of her employment and her termination were decided in Texas. The interests of justice are neutral.

This case is going to be inconvenient for plaintiff whether it is litigated here or in Texas. It is going to be more convenient for defendant and most of the witnesses if it is tried in Texas. The Court grants defendant's motion for transfer and transfers the case to the Northern District of Texas.